# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**JOSE E. VELAZQUEZ,**

    **Defendant.**

Case No. 16-20114-JAR-4

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jose E. Velazquez's *pro se* letter (Doc. 148) requesting compassionate release pursuant to 18 U.S.C. § 3582. For the reasons explained below, Velazquez's motion is denied.

**I.      Background**

On April 9, 2018, Velazquez pled guilty to one count of being a felon in possession of a firearm in violation 18 U.S.C. §§ 992(g)(1) and 924(a)(2) pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.[1] On November 6, 2018, the Court sentenced Velazquez to a 36-month term of imprisonment, to run consecutively to a state sentence in Missouri; a three-year term of supervised release; and a $100 special assessment.[2] Velazquez is currently incarcerated at USP Leavenworth. The Bureau of Prisons ("BOP") reports that 553 inmates have tested positive for COVID-19 out of 1,226 tested at this facility.[3] The BOP further reports that there are nine active inmate cases, five active staff cases, and zero inmate deaths at USP

---

[1] Docs. 90, 91.

[2] Doc. 132; *see also* Doc. 133.

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 4, 2020).

Leavenworth.[4]  Velazquez is twenty-nine years old, and his projected release date is February 13, 2022.

On October 22, 2020, Velazquez filed a letter requesting compassionate release because of the risk posed by COVID-19.[5]  Velazquez also complains that his facility has assigned an inmate that recently tested positive for COVID-19 to his cell.  While Velazquez contends that he has satisfied the exhaustion requirement, the government argues that he has not and opposes his motion on that basis.[6]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case.  Accordingly, Velazquez proceeds *pro se*.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[7]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate

---

[4] *Id.*

[5] Doc. 148 at 1.

[6] Doc. 152.

[7] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[8] But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[10]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[11] In addition, a court must ensure that any reduction in a

---

[8] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that, without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1117–18 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[11] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[12]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[13] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[14]

---

[12] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[13] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[14] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that the defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

**III.    Discussion**

    **A.    Exhaustion**

Velazquez has filed a motion on his own behalf rather than through the BOP. Accordingly, he is subject to the exhaustion requirement described in § 3582(c). Velazquez alleges that he has met the exhaustion requirement, stating that he "wrote and tried to reach out to my warden at my facility and explained my situation as well and he <u>never</u> responded back."[15] Velazquez does not provide evidence of any request for compassionate release to the warden, however, and the government states that its review of records obtained from the BOP did not indicate any such request.[16] Moreover, Velazquez does not allege that he has exhausted all of his administrative rights to appeal the BOP's failure to bring such a motion on his behalf—the alternative avenue for exhaustion. Thus, neither condition of § 3582 appears to have been met.

    **B.    Extraordinary and Compelling Reasons**

Even if Velazquez has properly exhausted his administrative remedies, the Court finds that he does not demonstrate extraordinary and compelling circumstances warranting compassionate release. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[17] The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[18]

---

[15] Doc. 148 at 1.

[16] Doc. 152 at 3.

[17] 28 U.S.C. § 994(t).

[18] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

Here, Velazquez argues that the ongoing COVID-19 pandemic, coupled with "the careless ways [USP Leavenworth is] treating [him] and possibly other inmates," constitute extraordinary and compelling circumstances warranting compassionate release under § 3582(c)(1)(A).[19]  Velazquez complains that an inmate that twice tested positive for COVID-19 was recently assigned to his cell after what he believes was only seventeen days of quarantine.[20] He expresses concern that he may develop health issues, or even die, if he contracts COVID-19.[21]

Although the Court is sympathetic to his concerns, Velazquez does not indicate that he is uniquely susceptible to severe complications if he contracts COVID-19 due to any underlying health condition.  Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[22]  Accordingly, even if Velazquez satisfied the exhaustion requirement, he does not meet his burden of demonstrating extraordinary and compelling circumstances warranting compassionate release because he makes no individualized showing about his vulnerability to COVID-19.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jose E. Velazquez's Motion for Compassionate Release (Doc. 148) is **denied**.

**IT IS SO ORDERED.**

Dated: December 4, 2020

---

[19] Doc. 148 at 2.

[20] *Id.*

[21] *Id.*

[22] *See United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

                  <u>S/ Julie A. Robinson</u>
                  JULIE A. ROBINSON
                  CHIEF UNITED STATES DISTRICT JUDGE